GLADNEY, Judge.
Plaintiff instituted this action in tort to recover damages and medical expenses incurred by reason of injuries received by his minor son, Rick Baskin, from a blow inflicted by defendant’s minor son, James Edward Tarver, Jr. The case was tried on its merits. The defendant, through answer, denied the blow by young Tarver was without warning or provocation and averred that young Baskin was the aggressor. The trial court held with defendant and rejected plaintiff’s demands. The latter has appealed.
The salient facts are not disputed. On November 30, 1962, the boys attending school at Mangham, Louisiana, were engaged in a supervised physical educational session and several groups were playing tackle football. This group included Rick Baskin and James E. Tarver, Jr., and others. While young Tarver was carrying the ball around his left end, he was tackled by Rick Baskin and the shirt of Tarver was torn. Questioned as to why he got up from the ground and struck Baskin, Tarver testified, “Because he tore my shirt and I lost my temper.” There is no evidence to support any other cause or reason for the unwarranted attack and it clearly appears that Baskin was not in anywise the aggressor.
The defense of aggression constitutes an affirmative defense and the burden of proof rested upon the defendant. We find, therefore, that Tarver was at fault and was not warranted in committing the battery. Tar-ver struck Baskin with force sufficient to fracture the latter’s jaw. The injury required treatment at St. Francis Hospital in Monroe, Louisiana, where, under local anesthesia, a loop wire splint was applied to the upper and lower jaws and inter-maxillary elastics were applied to the splints for immobilization. The jaws remained so immobilized for a period of six weeks during which time young Baskin was forced to consume liquid sustenance only. Fortunately, Baskin’s teeth, as well as the fracture, responded normally to treatment, except there is some possibility that the nerve of the left central incisor tooth may possibly become devitalized.
As it is indicated that young Baskin will probably not have any permanent effects, plaintiff is entitled to recover on behalf of his minor son only for pain, suffering and inconvenience an amount we find should be fixed at $2,000.00. Also appellant is entitled to recover the admitted medical expenses, amounting to $229.25.
It follows from the reasons hereinabove set forth that the judgment from which appealed must be annulled, set aside and reversed, and judgment should be rendered in behalf of the plaintiff.
Therefore, it is ordered, adjudged and decreed that there be judgment in favor of *199 John A. Baskin, individually, and against the defendant, James Edward Tarver, Sr., in the full sum of $229.25 with legal interest thereon from date of judicial demand until paid;
It is further ordered that there be judgment in favor of plaintiff, John A. Baskin, for and on behalf of his minor son, Rick Baskin, and against defendant, James Edward Tarver, Sr., in the full sum of $2,000.-00, together with legal interest thereon from judicial demand, until paid. The defendant is cast for all costs, including the cost of this appeal.